# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| H&B VENTURES, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-cv-00438-MTS |
| | ) | |
| STATE AUTO PROPERTY AND | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

On April 10, 2023, the Clerk of Court entered an Electronic Notice in this case informing Plaintiffs of the need to file Disclosure Statements under Local Rule 2.09. Doc. [8]. On May 11, 2023, Plaintiffs filed a motion with the Court, which officially triggered their obligation to file their Disclosure Statements. *See* E.D. Mo. L.R. 2.09(C)(1). Plaintiffs did not do so. On May 18, the Clerk of Court entered another Electronic Notice that informed Plaintiffs, again, of the requirement. Doc. [14]. On May 25, Plaintiff H&B Ventures, LLC filed its Disclosure Statement followed by Plaintiff Gene Bentrup filing his on May 26.

While Plaintiffs filed their Disclosure Statements, they did not complete them. Rather, even though jurisdiction in this action, whether correctly or incorrectly, is "based on diversity under 28 U.S.C. § 1332(a)," Fed. R. Civ. P. 7.1(a)(2), Plaintiffs declined to provide the required information because they are "disputing jurisdiction based on diversity," Doc. [16]; *accord* Doc. [17]. But Plaintiffs have cited no exception in Federal Rule of Civil Procedure 7.1 or Local Rule 2.09 that allows them to decline to provide the information simply because they dispute diversity jurisdiction exists in this case. Nor would there be such an exception. While Disclosure Statements are used in an effort to "facilitate an early and accurate determination of jurisdiction,"

Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment, they also serve another important purpose, see E.D. Mo. L.R. 2.09(A) (explaining the Court uses information provided in Disclosure Statements to "determine recusal").

Plaintiffs must properly complete and file their Disclosure Statements no later than **May 30, 2023**.  Doing so will not concede that Defendant properly removed this case; and the Court expresses no opinion herein on Plaintiffs' Motion to Remand, on which briefing is not yet even completed.

*So ordered.*

Dated this 26th day of May 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE